### Baker v. McIntosh et al.

(Decided June 7, 1932.)

C. A. NOBLE and CLARK PRATT for appellant.

S. M. WARD for appellees.

Opinion of the Court by Chief Justice Dietzman—Reversing.

The appellant, R. R. Baker, brought this action seeking an injunction against the appellees, Lopez McIntosh, Amerida McIntosh, and Abe Johnson, enjoining them and each of them from entering upon his land, from hauling and riding through and over it, and from committing any trespass upon it. The answer of the appellees set up a right in themselves individually and as members of the public generally to the use of a passway through appellant's land by adverse user. A reply traversed this right, and, on the issues thus joined, the parties went to trial on an oral hearing before the chancellor who found that the appellees had established the fact that the passway in question was a public passway which they, as members of the public, had a right to use, whereupon he dismissed the petition of the appellant, and this appeal results.

The case is purely one of fact. Many years ago one A. C. Johnson owned a large farm lying on the middle fork of the Kentucky river and north of the present town of Buckhorn in Perry county. This farm had a long river frontage, and extended back to the ridge which formed the opposite boundary line. On the opposite side of the river running parallel with it lies the county road running up and down the middle fork of Kentucky river. This farm of Johnson is now divided into four different tracts. The southernmost tract, and the one nearest the town of Buckhorn, but separated from that town by the farm of Bob McIntosh, is now owned by the appellant R. R. Baker, and is the farm over which the appellees claim the right of passage. The second tract, immediately to the north of the land owned by R. R. Baker, is now owned by H. B. McIntosh. The third tract, the one to the north of the H. B. McIntosh tract, is owned by the

appellee Lopez McIntosh, and the fourth tract, which is the one to the north of the Lopez McIntosh tract, is now owned by Nancy Ann Baker. In the splitting up of the large farm into these four tracts, the two middle tracts, that is, the tracts belonging to H. B. McIntosh and Lopez McIntosh, respectively, were burdened by the deeds to them with a ten-foot passway, but no exception or reservation was made in the tract now owned by the appellant or in the tract now owned by Nancy Ann Baker for any passway. The obvious reason for this difference in the deeds was that there was a ford across the river at one of the tracts now owned by the McIntoshs to reach which from the farms now owned by the appellant and Nancy Ann Baker it was necessary that the passway be excepted or reserved. The appellees introduced no witnesses but themselves. Lopez McIntosh and Abe Johnson testified in substance that at one time appellant's farm was owned by Lopez McIntosh, who lived on it for 14 or 15 years, during which time everybody that wanted to use the farm for riding or hauling did so, and that he had never heard any objection about the use of the passway by the public generally until appellant became the owner of the farm. Abe Johnson's testimony was to the same effect. On the other hand, appellant by himself, Bob McIntosh, Johnnie Deaton, Lewis McIntosh, and Rev. L. A Johnson established these facts: The claimed passway over appellant's farm ends in a cul-de-sac, since there is no way to go beyond it to the south and to Buckhorn except over the farm of Bob McIntosh, and there is no passway over that farm. It is true that, as a matter of neighborly kindness Bob McIntosh, in the wintertime, when the river was high and it was difficult to ford it to the opposite shore to reach the county road, permitted his neighbors to cross his farm going to and from Buckhorn; but in the summertime he raised his fences, cultivated his farm, and forbade the use of it by any one as a passway. The use of the appellant's farm prior to the time the large tract owned by A. C. Johnson had been divided was just the use any land is put to when several people related to the owner of the entire tract live upon it and go across it to visit their relatives. The use of appellant's land by the public after the large tract had been divided was purely permissive and as a matter of grace. Indeed, just before this action was brought, the appellee Lopez McIntosh asked permission to use the passway. The public generally traveled the county road

when they could reach it, and never used appellant's farm or Bob McIntosh's farm except when the owners of these farms, as a matter of neighborly kindness, permitted it. In this state of the evidence, we are of opinion that the lower court erred in adjudging that appellees were entitled to the use of a passway on appellant's farm. Although where the mind is left in doubt this court relies upon the finding of the chancellor, yet, where the court is convinced from the evidence that the chancellor has erred, it will substitute its judgment for that of the chancellor. The great preponderance of the evidence in this case is to the effect that the use of appellant's farm has only been permissive. When the large tract was divided, passways were reserved or excepted over the two interior tracts, but none was reserved or excepted over the two exterior tracts. It thus appears that at that time it was thought that the owners of these farms would travel to the ford and cross it to the county road on the other side of the river and go north and south by means of such road. Had there been a passway used by the public generally then in existence, as appellees now claim, there would have been no need for even the exceptions and reservations which were made. The fact that the claimed passway ends abruptly with appellant's farm, there being no exit over the farm of Bob McIntosh, is a potent circumstance to show that there was no passway here, since there was no place to go or come from on the south of appellant's farm over such a passway. On the whole case we are convinced that whatever use was made of appellant's farm by his neighbors was permissive, and appellees failed to show a right in themselves individually or as members of the public generally to the use of this land. The judgment is therefore reversed with instructions to enter a judgment in accordance with the prayer of appellant's petition.